IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD BRINSKELE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY,
and INTERNAL REVENUE SERVICE,

    Defendants.

No. C 12-04628 WHA

**ORDER GRANTING
MOTION TO DISMISS
AND VACATING HEARING**

## INTRODUCTION

In this civil action, the government seeks to dismiss *pro se* plaintiff's complaint. For the following reasons, the government's motion is **GRANTED**.

## STATEMENT

The parties agree that the facts are not in dispute (Dkt. No. 16). Plaintiff Edward Brinskele founded MTC Telemanagement Corporation in 1988 and served as Chief Executive Officer until 1996. MTC purchased long-distance minutes from carriers in bulk and passed through the carrier billings to its customers. Essentially, customers paid their long distance bills to MTC; MTC then remitted the same amount to carriers, less any volume discounts. Customer invoices included a line item labeled "federal tax" which was equal to three percent of long distance charges. This "federal tax" accounted for a three percent excise tax charged to certain long-distance carriers under 26 U.S.C. 4251. MTC paid three percent excise tax to the

majority of carriers from whom it purchased long-distance minutes. Some carriers, however, did not charge MTC excise tax.

In 1997, the IRS took the position that MTC was improperly withholding the excise tax because, in some instances, MTC charged the tax to its customers but then did not pay the tax to its carriers. The IRS conducted an audit of MTC and in 1999 assessed approximately $960,000 in excise taxes. In 2001, the IRS assessed trust fund recovery penalties against plaintiff under 26 U.S.C. 6672 because the IRS believed that plaintiff was a responsible officer of MTC. Plaintiff paid a portion of the trust fund penalties and filed a claim for refund and request for abatement with the IRS. The claim was denied.

Plaintiff then filed a complaint with the United States Court of Federal Claims for abatement of the penalties assessed against him. The government asserted a counterclaim for recovery of the penalties. While this lawsuit was pending, the Department of the Treasury and the IRS issued Notice 2006-50, which stated that "telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not a taxable toll telephone service . . . ." The notice also stated that the government would cease to pursue litigation to recover the excise tax. Plaintiff moved for summary judgment based on the argument that MTC provided a time-only service and therefore plaintiff was not liable for the trust fund recovery penalties because MTC was not subject to the excise tax under 26 U.S.C. 4251. The motion was denied. The Court of Federal Claims held that plaintiff was potentially liable under 26 U.S.C. 6672 regardless of whether MTC was subject to the tax because plaintiff collected and withheld the excise tax under the color of law. A three-day bench trial ensued. At the conclusion of trial, the Court of Federal Claims denied plaintiff's claims and granted judgment in favor of the government in the amount of the trust fund recovery penalties. The judgment created a lien on plaintiff's real property. Plaintiff appealed to the Federal Circuit, which affirmed the lower court without an opinion. Plaintiff then filed this complaint.

Plaintiff contends that the government used the tax code and its agency authority to illegally collect and retain plaintiff's money. Plaintiff argues that the government cannot enforce

1  a judgment for the collection of taxes under 26 U.S.C. 4251 when, pursuant to Notice 2006-50,
2  telecommunications excise tax is not and was not applicable to MTC. Plaintiff further contends
3  that Notice 2006-50 was issued after the bench trial and that the effect of the notice was not
4  considered by the Court of Federal Claims. Plaintiff seeks declaratory relief, quiet title and an
5  injunction. Plaintiff further claims that the government violated his right to due process and his
6  Fourth Amendment rights. The government now moves to dismiss all five claims.

**ANALYSIS**

Before discussing each of the five claims individually, this order notes that plaintiff's contention that Notice 2006-50 was issued after the bench trial and was not considered by the Court of Federal Claims is plainly inaccurate and borders on frivolous. Notice 2006-50 was issued prior to adjudication of plaintiff's motion for summary judgment. The Court of Federal Claims allowed supplemental briefing and oral argument on the issue. It determined in both its decision denying plaintiff's motion for summary judgment and its decision denying plaintiff's motion to reconsider that regardless of whether MTC was subject to the excise tax, plaintiff could not retain a tax that it collected under the color of the law. The decision held that to allow such an action would be unjust.

**1. DECLARATORY AND INJUNCTIVE RELIEF.**

Plaintiff seeks declaratory relief with respect to (1) plaintiff's liability for the judgment, (2) the effect of the federal tax liens and judgment on plaintiff, and (3) whether the government is estopped from enforcing the lien as a result of the government's position in Notice 2006-50. Plaintiff also seeks injunctive relief to prevent the government from pursuing the judgment obtained in the Court of Federal Claims. The government contends that subject-matter jurisdiction is lacking because the government has not waived sovereign immunity. This order agrees.

"It is well settled that the United States is a sovereign and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). A court should dismiss a plaintiff's claim where there is no subject-matter jurisdiction, including cases where the federal government is a defendant and

there is no explicit waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Taxpayers have the burden of showing that the United States has unequivocally waived its sovereign immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

Here, plaintiff is expressly barred by statute from seeking either declaratory or injunctive relief. *First*, the Declaratory Judgment Act states "[i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . ." (*emphasis added*). The only exception to this jurisdictional bar — the status and classification of Section 501(c)(3) organizations — is not applicable here. Accordingly, plaintiff is barred from seeking declaratory relief.

*Second*, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Based on the express language of the Act, plaintiff is barred from seeking an injunction to prevent collection of taxes assessed against him.

Plaintiff contends that judicial exception to the Act applies. The judicial exception requires a taxpayer to demonstrate that (1) under no circumstances can the government ultimately prevail on the merits and (2) the taxpayer will suffer irreparable injury without injunctive relief. *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990). As to the first prong, plaintiff has not and cannot meet this burden because the government has clearly established that it is able to prevail on the merits. Plaintiff's claims are based on his contention that Notice 2006-50 precludes the government from collecting the excise tax assessed against him. The Court of Federal Claims, however, has already considered the effect of Notice 2006-50 and determined that, regardless of the applicability of 26 U.S.C. 4251, plaintiff acted as a collection agent and had a duty to remit the excise tax to the government. *Brinskele*, 73 Fed. Cl. 227, 235–36 (2006). This decision was affirmed by the Federal Circuit.

4

*Third*, contrary to plaintiff's assertions, the Administrative Procedure Act does not waive the government's sovereign immunity in all actions for non-monetary relief. The APA provides a waiver of sovereign immunity in suits seeking judicial review of "agency action." *Gallo Cattle Co. v. United States Dep't of Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998). Here, plaintiff is challenging the Court of Federal Claims judgment against him. This does not constitute an "agency action" within the meaning of the APA.

Based on the above, this Court lacks jurisdiction to grant either declaratory or injunctive relief. Accordingly, plaintiff's claims are **DISMISSED**.

### 2. QUIET TITLE.

The complaint alleges that plaintiff's real property is encumbered with a federal tax lien. Plaintiff contends that the lien is invalid because the judgment from the Court of Federal Claims is invalid.

Under 28 U.S.C. 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien. A taxpayer, however, may only contest the procedural validity of a tax lien and cannot attack the merits of an assessment. *Elias*, 908 F.2d at 527. Plaintiff's argument, however, contests the validity of the judgment that is the basis of the lien and not the procedural validity in filing the lien. Plaintiff's quiet title claim therefore fails. Accordingly, plaintiff's claim to quiet title is **DISMISSED**.

### 3. DUE PROCESS.

The complaint alleges that plaintiff was denied his right to procedural due process. Due process requires notice and an opportunity to be heard. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983). Plaintiff does not allege that he was denied notice. Plaintiff instead contends that he was denied a jury trial because the government forced him to pursue a judicial process meant for tax cases. Not so. After plaintiff's request for refund and claim for abatement was denied by the IRS, plaintiff had the option to bring his case to either a district court or the Court of Federal Claims. *See* 28 U.S.C. 1346(a). Plaintiff chose to file in the Court of Federal Claims. Plaintiff cannot have it both ways. Plaintiff cannot now claim he was denied an opportunity to be heard when plaintiff himself made the choice regarding

how to pursue his claim. Plaintiff, therefore, cannot state a claim for relief that he was denied due process of law. Accordingly, plaintiff's claim is **DISMISSED**.

### 4. SEARCH AND SEIZURE.

The Supreme Court has explained that where the government has seized property to collect delinquent taxes, the seizure does not violate the Fourth Amendment so long as it does not involve entry of the taxpayer's premises. *G.M. Leasing v. United States*, 429 U.S. 338, 354 (1977). Here, the complaint does not allege entry of the premises. The complaint states "[plaintiff's] property was seized and held by [the government] for more than ten years . . . through [f]ederal tax liens" (Compl. 12). According to the government, to its knowledge, plaintiff's property has never been physically entered. The only action the government has taken was recording the federal tax lien and the abstract of judgment (Parker Decl. ¶ 3). Plaintiff has therefore failed to establish a Fourth Amendment violation. Accordingly, plaintiff's claim is **DISMISSED**.

### CONCLUSION

For the above-stated reasons, the government's motion to dismiss is **GRANTED**. Plaintiff's complaint is dismissed without leave to amend, any amendment being futile. The hearing scheduled for December 20, 2012, is **VACATED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6